UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSPREY SPECIAL RISKS LTD., a foreign
corporation, and GREAT LAKES REINSURANCE
(UK) PLC, a foreign corporation,

    Plaintiffs,

v.                                        Case No. 8:10-cv-00862-T-30AEP

OCEAN INSURANCE MANAGEMENT, INC.,
a Florida corporation, BARRY A. ROWLAND,
individually, and MARK ROWLAND, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiffs' Second Motion for Sanctions, Second Motion for Default Judgment, and for Defendants' Failure to Obtain Corporate Counsel and Defendants' Failure to Produce an Accounting of All Funds Received and Disbursed by Defendants Relating to Freedom Boat Club Franchises (hereafter referred as Plaintiffs' "Second Motion for Sanctions"). (Dkt. No. 55.)

On August 17, 2010, this Court entered an Order granting the Plaintiffs' Motion to Compel (Dkt. No. 29), directing the Defendants to produce to the Plaintiffs an accounting of funds received and disbursed by the Defendants relating to the Freedom Boat Club Franchises by August 27, 2010. (Dkt. No. 42.) As a result of the Defendants' failure to comply with the Court's August 17, 2010 Order, the Plaintiffs filed a Motion for Sanctions on September 7, 2010. (Dkt. No. 44.) Following a September 17, 2010 Show Cause Hearing, the Court entered a Order

directing Defendant Ocean Insurance Management, Inc. to obtain counsel by October 1, 2010 (Dkt. No. 49). Additionally, the Court entered a September 22, 2010 Order (Dkt. No. 50) granting the Plaintiffs' request for sanctions, denying the Plaintiffs' request for a default judgment and/or civil contempt, extending the deadline to produce the requested discovery until October 1, 2010, and scheduling an October 1, 2010 Show Cause Hearing to reconsider the Plaintiffs' Motion for Sanctions (Dkt. No. 44).

On October 1, 2010, the parties appeared before the Court for the Show Cause Hearing (Dkt. No. 51) regarding the Court's September 22, 2010 Order. During the hearing, the Plaintiffs' counsel informed the Court that the Defendants had failed to comply with the Court's September 22, 2010 Order. Defendant Mark Rowland explained that he was not in possession of the requested discovery. Defendant Barry A. Rowland stated that he had mistakenly believed his compliance thus far was sufficient. Defendant Ocean Insurance Management, Inc. did not appear at the hearing.

The Court entered an October 4, 2010 Order that provided Defendant Barry A. Rowland until October 8, 2010 to produce the requested discovery, and provided Ocean Insurance Management, Inc. until October 8, 2010 to obtain counsel for this matter. (Dkt. No. 54.) In the event that the Defendants did not comply with the Court's October 4, 2010 Order, the Court noted that it would entertain a motion for default judgement, and the Defendants would be given five days from the filing of such a motion to respond. (Dkt. No. 54.) According to the Plaintiffs, prior to the October 8, 2010 deadline, the Defendants produced an additional 19 pages of documents, but still failed to satisfy the Plaintiffs' discovery requests. (Dkt. No. 55 ¶12.) To remedy this

failure, Defendant Barry A. Rowland agreed to meet the Plaintiffs on October 11, 2010 to supplement his production. (*Id*. at ¶13.) According to the Plaintiffs, Defendant Barry A. Rowland failed to keep this appointment. (*Id*.) The Plaintiffs offered Defendant Barry A. Rowland an additional opportunity to produce the requested discovery on October 12, 2010, however his production was again incomplete. (*Id.* at ¶14.) In addition to Defendant Barry A. Rowland's failure to produce the requested discovery, Defendant Ocean Insurance Management, Inc. has failed to obtained corporate counsel, as directed by the Court's October 4, 2010 Order. Due to the Defendants' failure to cooperate in discovery, in direct opposition to the Court's Orders, the Plaintiffs filed the current Second Motion for Sanctions on October 12, 2010. The Defendants have yet to file a response to the Plaintiff's Second Motion for Sanctions.

Rule 37 of the Federal Rules of Civil Procedure calls for the district court to impose sanctions against any party who fails to comply with a Court Order, including, but not limited to paying reasonable expenses including attorney's fees, striking that party's pleadings, rendering a default judgment, or prohibiting that party from introducing designated matters into evidence. *See* Fed. R. Civ. P. 37(b). The Court has broad authority under Rule 37 to control discovery, including the power to dismiss a case, as the most severe sanction. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (citation omitted).

In the current case, the Defendants have demonstrated a prolonged and repeated failure to respond to the Plaintiffs' discovery requests, and have ignored the Court's Orders. While the

Court has generously allowed Defendant Barry A. Rowland and Defendant Ocean Insurance Management Inc. additional opportunities to comply with both the Plaintiffs' discovery requests and its Orders, they have once again failed to comply. This unwillingness to comply is further demonstrated by the lack of a response to the current motion by the Defendants. Accordingly, it is **RECOMMENDED** that the Plaintiffs' Second Motion for Sanctions be **GRANTED**, and it be **ORDERED** that:

1) Defendants Barry A. Rowland and Defendant Ocean Insurance Management, Inc. shall bear the Plaintiffs' costs and attorneys fees related to the filing of the Plaintiffs' First Motion for Sanctions (Dkt. No. 44) and Second Motion for Sanctions (Dkt. No. 55); and

2) A default judgment be entered against Defendant Barry A. Rowland and Defendant Ocean Insurance Management, Inc. for their failure to respond to the Plaintiffs' discovery requests, and failure to comply with the Court's Orders.

**IT IS SO REPORTED** at Tampa, Florida, this 25th day of October, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

      Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. James S. Moody, Jr.
Counsel of Record
*Pro Se* Parties