UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OSPREY SPECIAL RISKS LTD., et al.,**

    **Plaintiffs,**

v.                                                                                                  Case No.  8:10-cv-862-T-30AEP

**OCEAN INSURANCE MANAGEMENT,
INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Final Judgment (Dkt. 60) against Defendants Ocean Insurance Management, Inc. and Barry Rowland. The Court, having reviewed the motion and being otherwise advised in the premises, concludes that the motion should be denied without prejudice.

## BACKGROUND

Plaintiffs Osprey Special Risks LTD ("Osprey") and Great Lakes Reinsurance (UK) PLC ("Great Lakes") brought this action against Defendants Ocean Insurance Management, Inc. ("OIM"), Barry A. Rowland ("B. Rowland") and Mark Rowland ("M. Rowland") (collectively, "Defendants"), alleging that Defendants engaged in fraud, a pattern of racketeering activity, and conspired to wrongfully and unlawfully divert funds due to Osprey, which were paid to Defendants by Freedom Boat Club franchises and Pro Premium Finance Co., Inc. Specifically, the complaint alleges causes of action of fraud in the inducement

(Count I), conversion (Count II), unjust enrichment (Count III), civil theft (Count IV), breach of contract (Count V), breach of third-party beneficiary contract (Count VI), and a Florida RICO violation (Count VII) against Defendants.

Osprey is an underwriting agent for Great Lakes, an insurance company registered in the United Kingdom and approved as a surplus lines insurer in the state of Florida. B. Rowland, an officer and director of OIM, is a Florida licensed surplus lines and general lines insurance agent who approached Osprey about underwriting policies for franchises of the Freedom Boat Club. The complaint alleges that Defendants made fraudulent representations that induced OIM to secure financing for nineteen franchises from Premium Finance Company, Inc. of Hollywood, Florida ("Premium Finance"). Pursuant to the terms of the negotiated finance agreements, OIM directly collected initial deposits and received financed funds. According to the complaint, OIM failed to forward the premiums to Osprey.

Pursuant to a document titled "Operating Instructions to brokers for the transaction of business Relating to Osprey Special Risks Yacht Facility," executed on March 30, 2009 by B. Rowland on behalf of OIM, all premiums were due to Osprey 30 days from the last day of the month of attachment. The premium funds were not to be mixed or mingled with other funds held by Defendants. The complaint alleges that Defendants also represented to Osprey that they would account for and pay funds received from the Freedom Boat Club franchises and Premium Finance to Osprey pursuant to the obligations imposed by Fla. Stat. § 626.561. On September 29, 2009, B. Rowland executed a Letter of Indemnity, which was between OIM and Osprey, whereby OIM agreed to indemnify Osprey against all unpaid premiums

or rebated commissions relating to premium finance agreements entered into between Premium Finance and OIM.

Defendants made intermittent premium payments to Osprey in October, November, and December 2009. In December 2009, OIM instructed Osprey to cancel all policies effective December 31, 2009. B. Rowland represented to Osprey that OIM obtained a better deal for its clients from TCA of Duluth, Georgia. According to the complaint, OIM still owes Osprey $418,295.90 for policies issued in July 2009 and $36,284.32 for policies issued in 2008.

This case is now at issue upon Plaintiffs' motion for final judgment against OIM and B. Rowland. Plaintiffs move for final judgment on all of the complaint's counts against OIM and B. Rowland. Plaintiffs obtained defaults against these defendants based on their failure to comply with numerous orders issued by the Magistrate Judge Anthony E. Porcelli (the "Magistrate"). Specifically, they failed to produce documents to Plaintiffs, after numerous orders directing them to do so, and OIM failed to obtain counsel in disregard of the Magistrate's order. Ultimately, the Court adopted, confirmed, and approved in all respects the Magistrate's report and recommendation that the Court should direct the Clerk to enter defaults against OIM and B. Rowland for their failure to respond to Plaintiffs' discovery requests and failure to comply with the Magistrate's orders.

## **DISCUSSION**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("The

defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). In *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 1949 (internal citations omitted). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed.R.Civ.P. 8(a)(2)). This analysis applies equally to a motion for entry of default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.,* 2009 WL 4349806, at *2-5 (M.D. Fla. 2009).

Applied here, the cursory language of the complaint fails to present any basis for a finding of liability against OIM and B. Rowland. There are absolutely no facts suggesting that B. Rowland, in his individual capacity, should be subjected to liability for fraud in the inducement (Count I), conversion (Count II), unjust enrichment (Count III), civil theft (Count IV), breach of contract (Count V), breach of third-party beneficiary contract (Count VI), and a Florida RICO violation (Count VII). B. Rowland did not execute any contracts in his individual capacity and there are no allegations to pierce the corporate veil. Indeed, most of the complaint's allegations refer to "Defendants," without specifying who Plaintiffs are referring to. "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged

fraudulent statements to 'defendants.'" *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997). And Plaintiffs must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* At 1380-81.

The claims' lack of specificity similarly fail to allege sufficient facts entitling Plaintiffs to a finding of liability against OIM. Again, the fraud claims are completely lacking in detail. Although the breach of contract claim against OIM appears to adequately state a claim, the damages amount is unclear. The affidavit in support of the motion for final judgment states a damages amount of $454,580.22 for OIM's alleged breach in failing to pay all of the premiums to Osprey. However, it appears that this amount reflects damages under the assumption that the policies were issued for one year. In other words, it does not account for the fact that the policies for Freedom Boat Club were cancelled effective December 31, 2009. And there is nothing in the complaint, contract, or affidavit to suggest that Osprey was entitled to compensation for the portion of the one-year policy beyond December 31, 2009, if it did not provide coverage beyond this date.

Finally, there is nothing in the complaint suggesting that Great Lakes is entitled to any relief against Defendants. Great Lakes was not in privity of contract with any of the Defendants and there are no allegations to suggest that Defendants communicated with anyone at Great Lakes. Also, the contract between OIM and Osprey does not reference Great

Lakes in any way or indicate that the parties intended to benefit Great Lakes.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiffs' Motion for Final Judgment (Dkt. 60) against Defendants Ocean Insurance Management, Inc. and Barry Rowland is hereby denied.

2.   This denial is without prejudice to Plaintiffs to renew the motion within fourteen (14) days from the date of this Order to correct the deficiencies discussed herein. If Plaintiffs do not renew the motion within that time, the Court will dismiss the claims against Ocean Insurance Management, Inc. and Barry Rowland.[1]

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-862Dkt.60mtfinjudg.frm

---

[1] Although Plaintiffs' motion is not against Mark Rowland, the Court notes that the complaints' allegations, as they are currently pled, are insufficient to support a finding of liability against him at this point.